UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES

    -v-                                 No.   23-CR-666-LTS

ROBERTO LENDOF,

        Defendant.

--------------------------------------------------------x

ORDER REGARDING SORNA APPLICABILITY

      Defendant Roberto Lendof was sentenced in this case on July 15, 2025. In advance of his sentencing hearing, Mr. Lendof noted an objection to the recommendation of the Probation Office that his sentence include a direction to register under the provisions of the "Sexual Offender Registration and Notification Act," or "SORNA," arguing that SORNA was inapplicable to the statute under which he was convicted. The Government argued that the SORNA registration requirement was applicable.

      Having reviewed the applicable law and the parties' submissions, the Court entered a written notice of its intent to include a SORNA registration requirement in the sentence to be imposed on Mr. Lendof (docket entry no. 46), and heard further arguments from the parties on the issue at the July 15th hearing. Consistent with its notice, the Court found that that each of Mr. Lendof's convictions under 18 U.S.C. section 1470 is a "sex offense" within the meaning of SORNA, and thus required registration under SORNA. The Court noted that, following the hearing, it would enter a written order, substantially incorporating the text of the notice, explaining its ruling. The Court's reasoning is as follows.

                    * * *

The Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587, was enacted on July 27, 2006.  Title I of the Act, the "Sexual Offender Registration and Notification Act," or "SORNA," 34 U.S.C. §§ 20901-20962,[1] establishes a national sex offender registry law, the purpose of which is "to protect the public from sex offenders and offenders against children."  Id. § 20901.  SORNA defines a "sex offender" as an "individual who was convicted of a sex offense."  Id. § 20911(1).

The statute uses a series of interrelated terms and provisions to define the term "sex offense."  Subject to exceptions not here applicable, the term "sex offense" is first defined broadly to mean:

> (i) a criminal offense that has an element involving a sexual act or sexual contact with another;
>
> (ii) a criminal offense that is a specified offense against a minor;
>
> (iii) a Federal offense (including [certain specific statutory references that are not applicable in this case]);
>
> (iv) a military offense specified by the Secretary of Defense under [relevant law]; or
>
> (v) an attempt or conspiracy to commit an offense described in [the preceding] clauses[.]

Id. § 20911(5)(A).

Mr. Lendof's two crimes of conviction are outside the scope of clauses (i), (iii) and (iv).  He would therefore be required to register as a sex offender only if clause (ii), making the registration requirement applicable to a person convicted of "a criminal offense that is a specified offense against a minor," applied to his crimes.  "Criminal offense," as used in the definition of "sex offense," id. §20911(5)(A)(i) and 5(A)(ii), means "a State, local, tribal,

---

[1]    Although originally codified in Title 42 of the United States Code, the provisions of SORNA were moved, effective September 1, 2017, to 34 U.S.C. § 20901 et seq., without substantive change.  United States v. Vineyard, 945 F.3d 1164, 1168 n.2 (11th Cir. 2019).

foreign, or military offense (to the extent specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (10 U.S.C. 951 note)) or other criminal offense." Id. § 20911(6) (emphasis added). The term "specified offense against a minor," as used in Section 20911(5)(A)(ii), is further defined to mean "an offense against a minor that involves" any of nine categories of conduct specified under Section 20911(7), two of which, namely "criminal sexual conduct involving a minor, or the use of the Internet to facilitate or attempt such conduct" (id. § 20911(7)(H)), and "any conduct that by its nature is a sex offense against a minor" (id. § 20911(7)(I)), are relevant here. Finally, the term "minor" is defined to mean "an individual who has not attained the age of 18 years." Id. § 20911(14).

Mr. Lendof was convicted, based on his guilty plea, of two offenses under 18 U.S.C. section 1470, "Transfer of obscene material to minors," which provides that:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, knowingly transfers obscene matter to another individual who has not attained the age of 16 years, knowing that such other individual has not attained the age of 16 years, or attempts to do so, shall be fined under this title, imprisoned not more than 10 years, or both.

Id. A conviction under this statute therefore requires proof that the defendant (1) knowingly used the mail or any means of interstate or foreign commerce to transfer material; (2) knew that he was transferring the material to an individual who less than sixteen years old; (3) knew the general nature of the contents of the material at the time he transferred it; and (4) that the material was obscene.

Defense counsel argued that Section 1470 does not qualify as a "sex offense" under SORNA for which Mr. Lendof should be required to register. Specifically, Mr. Lendof objected to the interpretation of subdivision (5)(A)(ii) of SORNA's definition of "sex offense"—"a criminal offense that is a specified offense against a minor"—as encompassing an offense

under 18 U.S.C. section 1470.  The Court has not identified any cases in the Second Circuit that have addressed this issue, and the parties did not cite any.

Mr. Lendof's counsel referenced, but did not speak at length, to arguments raised in cases decided in the Fifth and Eleventh Circuits, United States v. Schofield, 802 F.3d 722 (5th Cir. 2015) and United States v. Dodge, 597 F.3d 1347 (11th Cir. 2010) (en banc).  In those cases, defendants raised arguments focused on the two parts of the subsection 5(A)(ii) definition, with respect to application of the statute to convictions under Section 1470: first, that Section 1470 is not a "criminal offense" within the meaning of SORNA, and, second, that a violation of Section 1470 is not a "specified offense against a minor" within the meaning of SORNA.  Dodge, 597 F.3d at 1351-52, 1353; Schofield, 802 F.3d at 726, 728.  Neither argument was availing before those Circuits and neither was persuasive in the instant case.  As to the first argument, defendants contended that including federal offenses, like Section 1470, in the definition of "criminal offense" would have the effect of making surplusage the "[s]tate, local, tribal, foreign, or military offense" language in the definition of "criminal offense."  Schofield, 802 F.3d at 726; Dodge, 597 F.3d at 1351-52.  As to the second argument, defendants contended that Section 1470 does not fit within any of the nine categories enumerated in SORNA's definition of "specified offense against a minor," which include subdivision (H), "criminal sexual conduct involving a minor, or the use of the Internet to facilitate or attempt such conduct," or subdivision (I), "any conduct that by its nature is a sex offense against a minor."  34 U.S.C. § 20911(7); Schofield, 802 F.3d at 728; Dodge, 597 F.3d at 1353.

Relying on both Schofield and Dodge, as well as an unreported decision from the Fourth Circuit, United States v. Crain, 321 F. App'x 329 (4th Cir. 2008), the Government argued that Section 1470 does qualify as a "criminal offense that is a specified offense against a minor"

under Section 20911(5)(A)(ii).  (See docket entry no. 44 ("Gov't Subm.") at 7-9.)  The Court

concurs in the reasoning of the Fifth and Eleventh Circuits in the cited decisions, and

summarizes that reasoning here.

        Turning first to the argument that "criminal offense" should not be interpreted to

include federal offenses, the Eleventh Circuit in Dodge persuasively set forth a number of

reasons as to why such a reading is unduly narrow.  First, nothing in the plain language of the

text suggests that the "other criminal offense" provision of Section 20911(6), SORNA's

definition of "criminal offense," was not intended to include federal offenses.  Rather, a broad

reading of that provision is consistent with the "expansive language" of the term "specified

offense against a minor," Section 20911(7), which explicitly includes another federal offense—

video voyeurism as described in 18 U.S.C. section 1801.  See 34 U.S.C. § 20911(7)(F).  To

interpret "criminal offense" to exclude federal offenses would render this definition of "specified

offense against a minor," Section 20911(7)(F), inoperable as used in Section 20911(5)(A)(ii)'s

definition of "sex offense."  Dodge, 597 F.3d at 1352-53.  Finally, to exclude Section 1470, an

offense included in the "Obscenity" Chapter of Title 18, Chapter 71, would run contrary to the

broad purpose and scope of SORNA, as well as the sentencing statutes.  As the Eleventh Circuit

explained, while Congress did not include Chapter 71 in the federal crimes enumerated under

Section 20911(5)(A)(iii), Congress did include Chapter 71 under the designation "Child crimes

and sexual offenses" in the sentencing statute, 18 U.S.C. section 3553(b)(2).  Dodge, 597 F.3d at

1352.

        As to the argument that Section 1470 should not be interpreted to constitute a

"specified offense against a minor," as defined under Section 20911(7)(H) or (I), the Court also

found the reasoning of the Fifth and Eleventh Circuits persuasive.  In determining whether an

offense falls within the definition of "sex offense" under SORNA, courts apply either the so-called "categorical approach," whereby the court looks to whether the plain language of the statutory offense falls within SORNA's definition of "sex offense," or the "non-categorical approach," whereby the court looks to the specific facts underlying the conviction in determining whether the offense constitutes a "sex offense."  Schofield, 802 F.3d at 727-28.  The Court did not need to decide which approach was appropriate in the instant case, because, under either approach, Section 1470 qualifies as a sex offense under Section 20911(5)(A)(ii).

Under the categorical approach, Section 1470 includes both elements of Section 20911(7)(I), often called the "SORNA residual clause."  The residual clause requires that a defendant's offense of conviction include two elements: (1) the victim is a minor and (2) the conduct is sexual in nature.  Schofield, 802 F.3d at 729.  Section 1470 likewise requires that (1) the victim be less than sixteen years old, i.e., a minor, and (2) the material transferred be "obscene."  Id. at 729-30 (citing 18 U.S.C. § 1470).  While Chapter 71 does not define "obscenity," the Supreme Court has defined "obscenity" in exclusively sexual terms.  See id. at 730 (citing Miller v. California, 413 U.S. 15, 24 (1973)); see also United States v. Miller, No. 23-4590, 2025 WL 80295 (4th Cir. Jan. 13, 2025) (upholding defendant-appellant's conviction under Section 1470 where defendant sent a sexually explicit letter to his fourteen-year-old sister and looking to Supreme Court's definition of "obscenity" in Miller v. California to evaluate whether content of letter was "obscene").  This reading of "obscenity" is again supported by Congress's inclusion of Chapter 71 in 18 U.S.C. section 3553(b)(2)'s category of "Child crimes and sexual offenses"; Chapter 71 is specifically grouped under that provision with Chapter 109A, Sexual Abuse, Chapter 110, Sexual Exploitation and Other Abuse of Children, and Chapter 117, Transportation for Illegal Sexual Activity and Related Crimes.  Moreover, the fact that Section

1470 includes a specific mens rea, "knowing" conduct, and use of interstate or foreign commerce as additional elements is not dispositive—as the Supreme Court has explained, "[i]f the [offense of conviction] has the same elements as the 'generic' . . . crime [in the sentencing enhancement], then the prior conviction can serve as [the] predicate; so too if the statute defines the crime more narrowly, because anyone convicted under that law is 'necessarily . . . guilty of all the [generic crime's] elements.'" Descamps v. United States, 570 U.S. 254, 260-61 (2013).

Under the non-categorical approach, Mr. Lendof's conduct—sharing extremely sexually explicit messages and engaging in graphic sexual acts via video calls—is "strikingly similar to '[c]riminal sexual conduct involving a minor, or the use of the Internet to facilitate or attempt such conduct[,]'" Dodge, 597 F.3d at 1356, i.e., a "specified offense against a minor" under Section 20911(7)(H), and clearly "conduct that by its nature is a sex offense against a minor," i.e., a "specified offense against a minor" under the SORNA residual clause, Section 20911(7)(I). Id. As both the Eleventh and Fifth Circuits observed, "sending a video of an adult male masturbating [to a minor] clearly involves engaging with [a minor] on a sexual level, so [the] conduct includes a sufficiently 'sexual component toward a minor' to fall within the SORNA residual clause." Schofield, 802 F.3d at 729 (citation omitted); see also Dodge, 597 F.3d at 1355 ("The key [to SORNA's residual clause] is conduct that contains a 'sexual component' toward a minor . . . . Here, [defendant's] conduct evinced his intent that a thirteen-year-old girl view him in a sexual state.").

At the sentencing hearing on July 15, 2025, Mr. Lendof also argued that his reading of the relevant definition of "sex offense" under SORNA, Section 20911(5)(A)(ii), as excluding 18 U.S.C. section 1470 is supported by the fact that United States Sentencing Guidelines ("U.S.S.G.") section 4C1.1, Adjustment for Certain Zero-Point Offenders, excludes

Chapter 71 offenses from its definition of "sex offense."  <u>See</u> U.S.S.G. § 4C1.1(b)(2).  It is not disputed that Mr. Lendof qualified for an adjustment under Section 4C1.1.  However, as noted by the Court on the record during Mr. Lendof's sentencing hearing, there is nothing in the text of Section 4C1.1, or any accompanying commentary or other guidance provided by the Sentencing Commission, that would indicate that the definition of "sex offense" under Section 4C1.1 of the Sentencing Guidelines bears in any way on the interpretation of "sex offense" under the statutory provisions of SORNA.

In sum, the Court concluded that each of Mr. Lendof's convictions under 18 U.S.C. section 1470 is a "sex offense" within the meaning of SORNA, and thus requires registration under SORNA.  The Court was therefore required to, and did, impose the following condition of supervised release pursuant to 18 U.S.C. section 3583(d):

- You must comply with the requirements of the Sex Offender Registration and Notification Act, (34 U.S.C. § 20901, <u>et</u> <u>seq.</u>) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency of a state in which you reside, work, are a student, or were convicted of a qualifying offense.

SO ORDERED.

Dated: New York, New York
       July 16, 2025

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge